Exhibit "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between PASHA, LLC, a Florida limited liability company, d/b/a Ganee Stone (the "Company"), and MARKIS PIERRE, an individual (the "Plaintiff").

WHEREAS:

A. The Plaintiff previously was employed by the Company.

B. On or about December 31, 2015, the Plaintiff filed a lawsuit against the Company entitled *Markis Pierre v. Pasha, LLC, d/b/a Ganee Stone*, in the United States District Court for the Southern District of Florida (the "District Court"), Case No.9:15-cv-81784-DMM (Middlebrooks) (the "Civil Action").

C. The Plaintiff claims that he is entitled to but did not receive from the Company certain compensation allegedly owed to him pursuant to the Fair Labor Standards Act of 1938, as amended, as well as damages for wrongful termination, pursuant to § 440.205, Fla. Stat. (the "Alleged Compensation Amount").

D. The Company disputes and denies that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

E. There are bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, including but not limited to whether Plaintiff worked any overtime hours for which he was not properly paid under the Fair Labor Standards Act of 1938, as amended, as well as whether Plaintiff was wrongfully terminated in retaliation for Plaintiff's attempt to claim compensation under Florida's Workers' Compensation Law.

F. The Company denies each and every material allegation set forth in the Civil Action, and denies having committed any wrong or causing any injury to the Plaintiff.

G. In order to avoid the further costs and burdens of litigation, the Company and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

NOW, THEREFORE, the Company and the Plaintiff agree as follows:

1. The foregoing recitals constitute part of this Agreement and are true and correct.

MP  *[initials]*

*[signature]*

2.  In consideration of this Settlement Agreement and the mutual promises set forth herein, and in full, final and complete settlement, the Company shall cause to be paid to the Plaintiff and his attorneys, Charles Eiss, P.L. ("Attorneys"), the total gross amount of Thirteen Thousand Five Hundred Dollars and No Cents ($13,500.00) (the "Settlement Amount"), representing alleged non-wage compensatory damages, costs and attorneys' fees, allegedly suffered by virtue of the alleged wrongful termination. The Settlement Amount shall be paid within seven (7) business days of the District Court entering an order approving this Agreement and dismissing the Civil Action with prejudice by delivery to Plaintiff's counsel of a check made payable to the trust account of Charles Eiss, P.L., in the gross and net sum of $13,500.00, with no deductions or withholdings.

The payment set forth above will be reported by the Company for tax purposes on form 1099 to be issued to Plaintiff and Charles Eiss, P.L., the parties agreeing and understanding that no taxes shall be withheld from this payment. The Plaintiff further represents, warrants, and acknowledges that the portion of the payment to his Attorneys is entirely at his instigation and request both as to fact and amount, and for his convenience, and that the Company is not in any manner whatsoever involved in his request that such payment be so directed. The Plaintiff and Attorneys each agree and acknowledge that, between them, as allocated pursuant to applicable law, he or it will be solely responsible for the payment of any and all taxes with respect to the payments referenced in this Paragraph, and each represents and warrants that such taxes will be timely and fully paid.

3.  The parties agree and acknowledge that there are good faith, bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof, including whether Plaintiff worked any overtime hours for which he was not properly paid under the Fair Labor Standards Act of 1938, as amended, as well as whether Plaintiff was wrongfully terminated in retaliation for Plaintiff's attempt to claim compensation under Florida's Workers' Compensation Law. The parties further agree and acknowledge that this Settlement Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims. Notwithstanding, Plaintiff represents, warrants, and agrees that the amounts paid by or on behalf of the Company pursuant to this Agreement represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, and costs and attorneys' fees, to which the Plaintiff claims or may claim entitlement as against the Company, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended.

4.  The parties agree and stipulate to the entry of an order approving this Settlement Agreement and dismissing the Civil Action with prejudice, and they agree to request that the District Court retain jurisdiction to enforce the terms of this Settlement Agreement, should such enforcement be necessary.

MP

PASHA, LLC

By: _____
Barboros Topaloglu
On behalf of Pasha, LLC

Its: _____6. m._____

Dated: ____04/27/2017____


MARKIS PIERRE

_____
Markis Pierre

Dated: ___04-21-2016___


MP

BT